Dear Mr. Koupal:
This letter is in response to your request for an interpretation of the duties of the Director of the Department of Economic Development imposed by Sections 447.500 to 447.585, RSMo, i.e., the "Uniform Disposition of Unclaimed Property Act" and in particular the provisions of Section 447.572, RSMo Supp. 1984, relating to examination of records of persons believed by the Director to have failed to report unclaimed property.
Your specific questions are as follows:
 Does the Department of Economic Development have the authority to conduct examinations of businesses regulated by divisions within the Department without authorization of the appropriate division directors or commissioners?
 If the Director does not have such authority, what constitutes adequate notice or involvement by the regulatory division?
Section 447.572, RSMo Supp. 1984, reads as follows:
 447.572. Examination of records by director and persons authorized — when. — The director may at reasonable times and upon reasonable notice examine the records of any person if he has reason to believe that such person has failed to report property that should have been reported pursuant to sections 447.500 to 447.585; provided, however, that examination of the records of any person or entity subject to the supervision of the divisions of finance, insurance, credit unions, savings and loan supervision, or the public service commission shall be made by the chief officer of the respective agency at the request of the director. The communications between such chief officers and the director concerning this section shall be considered exceptions to any applicable confidentiality statutes. The director may delegate any duty imposed upon him under the provisions of sections 447.500 to 447.585 to such division officers or other agency employees as he deems appropriate.
(Emphasis added.)
All of the divisions specifically mentioned in Section447.572 and the Public Service Commission have statutory powers and duties relating to examination of the entities regulated by them. Section 361.160, RSMo 1978, requires annual examination of every bank and trust company organized and doing business under the laws of this state by the Director of the Division of Finance or by the deputy or examiner appointed by him. The Director of the Division of Insurance has authority to make examinations of insurance companies under the provisions of Section 374.190, RSMo. 1978. Authority for annual examinations of credit unions is set forth in Section 370.375, RSMo Supp. 1984. The power to examine savings and loan associations is granted to the Director of the Division of Savings and Loan Supervision by Section 369.334, RSMo Supp. 1984. The Public Service Commission also has extensive regulatory and investigatory powers, including the power of examination as to the entities it regulates, such powers being set forth in Chapter 386, RSMo.
Returning now to your questions relating to the department director's powers of examination under Section 447.572, it is apparent that examination of the records of any person or entity "subject to the supervision of the divisions of finance, insurance, credit unions, savings and loan supervision, or the public service commission" shall be made by "the chief officer of the respective agency at the request of the director." Where the language of a statute is plain and admits of but one meaning, there is no room for construction and courts will apply the statute as it is written. Kolocotronis v. Ritterbusch,667 S.W.2d 430 (Mo.App. 1984). It is our opinion, as to those specific, regulated entities, that examination as to whether they have failed to report unclaimed property must proceed through "the chief officer of the respective agency at the request of the director."
We do not understand the second question you have posed. If additional guidance from this office is desired, upon clarification of the question, we will provide our opinion upon the second question.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General